UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ARTURO VILLARREAL, AS** § | | |
| **REPRESENTATIVE OF THE ESTATE** § | | |
| **OF JOSE SAMUEL VILLARREAL,** § | | |
| **DECEASED,** § | | |
|       **Plaintiff** § | | Civil No. CC-09-205 |
| § | | |
| **v.** § | | |
| § | | |
| **AMERICAN HOMEPATIENT, INC.,** § | | |
| **ET AL.,** § | | |
|       **Defendants** § | | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

This is a products liability, breach of warranty, and negligence action arising from a house fire that is alleged to have caused Jose Samuel Villarreal's death. According to Plaintiff's pleadings, a lit cigarette caused the mattress and bedding on which Mr. Villarreal was sleeping to catch fire. On August 17, 2009, Defendant Philip Morris USA, Inc. ("Philip Morris") removed this case from state court on the ground that there is complete diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. §1332(a)(1). Philip Morris contends that Defendant Sacred Heart Home Health, Inc. d/b/a Sacred Heart Primary Home Care ("Sacred Heart"), the only non-diverse in-state defendant, was fraudulently joined. *See Crockett v. R. J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006), *cert denied* 548 U.S. 907, 126 S.Ct 2945, 165 L.Ed.2d 956 (2006). For the reasons discussed below, Plaintiff's motion to remand is GRANTED (D.E. 8).

Fraudulent joinder can be established by demonstrating either (1) actual fraud in the

pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Crockett*, 436 F.3d at 532. Philip Morris alleges Plaintiff cannot establish a cause of action against Sacred Heart. This means Philip Morris must demonstrate that there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against an in-state defendant, i.e. Sacred Heart. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of plaintiff. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).

Philip Morris argues Plaintiff cannot establish a health care liability claim against Sacred Heart because Plaintiff failed to timely serve Sacred Heart an expert report, which is mandated by TEX. CIV. PRAC. & REM. CODE §74.351(a). The statute provides as follows:

> In a health care liability claim, a claimant shall, <u>not later than the 120th day after the date the original petition was filed</u>, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for reach physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE §74.351(a).
>
> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that: (1) awards the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider, and (2) <u>dismisses the claim</u> with respect to the physician or health care provider, with prejudice to the refiling of the

claim.  *Id.* at §74.351(b).

In this case, the parties disagree on when the 120-day period began.  While the statute clearly provides that the period begins running the day after the "original petition" is filed, in this case, no such pleading was filed.  On August 18, 2008, Arturo Villarreal and Gilbert Villarreal, Individually and as Representatives of the Estate of Jose Samuel Villarreal, Deceased, and Alfredo Villarreal, Jr., Guadalupe Villarreal, and Maria Juanita Bazaldua ("Petitioners") filed *Petitioners' Application for Temporary Restraining Order, Petition for Temporary Injunction and Petition to Perpetuate Testimony Before Suit is Filed* in the 28th Judicial District Court of Nueces County, Texas.  The matter was assigned Cause No. 08-3987-A.  In that pleading, Petitioners sought to enjoin the City of Corpus Christi from demolishing the property at issue in order to preserve the evidence.  Petitioners also sought permission to depose American HomePatient and two of its employees, pursuant to TEX. R. CIV. P. 202 "for use in an *anticipated suit* and/or to investigate a *potential suit* that Petitioners may be a party in..."  Sacred Heart was not a named defendant in the pleading.  According to the pleading, "[T]he substance of the testimony, which Petitioners expect to elicit from American HomePatient, and its employees, Steve Rod and Cindy Hernandez, involves providing Petitioners with a detailed description of the medical equipment purchased by or for the use of Jose Samuel Villarreal, specifically, the bed, mattress, mattress cover and/or mattress pad, and the manufacturers of such medical equipment and supplies."  Petitioners did not assert any independent cause of action, e.g. a health care liability claim, or otherwise seek relief from any of the defendants that are named in this case, including Sacred Heart.

3

On July 1, 2009, Plaintiff Arturo Villarreal, as Representative of the Estate of Jose Samuel Villarreal, Deceased, filed *Plaintiff's First Amended Original Petition*, which was docketed in the same cause number. It is in this pleading that Plaintiff, for the first time, asserts an independent cause of action against Defendants, including a health care liability claim against Sacred Heart. Plaintiff contends this pleading was incorrectly titled "First Amended" at the direction of the clerk of the court. While there is no sworn testimony to support this contention, the face of pleading itself shows the words "First Amended" were hand-written and added to the pleading's title. Moreover, a handwritten note entered on the civil docket sheet on July 29, 2009, provides "suit filed" and "new ∆ added."

Philip Morris argues the pleading dated August 18, 2008, is the "original petition" for purposes of triggering the statutory 120-day period because it alleges facts that give rise to a health care liability claim against Sacred Heart. The Court disagrees. In *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008), the Texas Supreme Court clarified that the 120-period is triggered after the date the <u>health care liability claim</u> is filed in court, not as Defendants contend, when Plaintiff learned of the underlying injury giving rise to a potential claim. *Leland*, 257 S.W.3d at 206. "Health care liability claim" is statutorily defined as a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety ..." *Id*. at §74.001(13). The Court finds Plaintiff's health care liability claim was filed in state court on July 1, 2009, when he filed the *First Amended Original Petition*. As explained above, it is in that pleading that Plaintiff first asserts a health care liability claim, i.e. a cause

4

of action against Sacred Heart for allegedly departing from accepted standards of safety related to health care. This means Plaintiff's deadline to serve Sacred Heart with an expert report would have been on October 30, 2009. This case was removed on August 17, 2009, before the 120-day period lapsed. Defendant Philip Morris has failed to demonstrate that Plaintiff has no possibility of recovery against Sacred Heart.

The Court finds this case was removed without jurisdiction and is ordered remanded to the 28th Judicial District Court, Nueces County, Texas pursuant to 28 U.S.C. §1447(c) and (d).

ORDERED January 29, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE